Leigh-Davis Glass
Reg. No. 24821-112
Federal Prison Camp -- Victorville
P.O. Box 5100
Adelanto, CA 92301

For the Petitioner

FILED
DEC 11 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Leigh-Davis Glass,
    Petitioner,

v.

Tereser A. Banks, Warden;
Michael Mukasey, U.S. Attorney General;
and the Federal Bureau of Prisons,
    Respondents.

Case: 1:07-cv-02223
Assigned To : Unassigned
Assign. Date : 12/11/2007
Description: Habeas Corpus

PETITION FOR WRIT OF HABEAS CORPUS
[28 U.S.C. § 2241]

    Comes now Ms. Leigh-Davis Glass, who petitions for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, and requests immediate release, or alternatively, immediate modification of her custody status to a halfway house.
    Currently, Ms. Glass is incarcerated illegally for the third (3RD) time, by the same Judge who "bragged" in open court about incarcerating Ms. Glass illegally. A true and correct copy of the 12-2-03 Transcript where the Judge brags, " you are being held illegally" is attached as EXHIBIT "A" and is incorporated herein by this reference.
///

RECEIVED
NOV 19 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1 of 16

In addition to being incarcerated illegally for the third (3RD) time, Ms. Glass suffers from chronic illness; and has fought cancer, which has not been resolved. Currently, the prison is not providing Ms. Glass with the necessary medication and medical care that she needs. Thereby, this is an extraordinary case, requiring immediate intervention. Further, justice requires, Judges use their power when they are made aware of serious injustices, such as Ms. Glass' case. Respectfully, Ms. Glass requests you grant the Writ, forthwith.

VENUE, JURISDICTION & PARTIES

This court has jurisdiction pursuant to 28 U.S.C. § 2241. Venue is proper in the District of Columbia, because Ms. Glass mainly challenges the way in which the BOP is implementing her sentence. Ms. Glass has completed the prison's Administrative Remedy Procedure, and she has exhausted all of her appeals, all the way up to the Washington D.C. office of the BOP. The Washington D.C. office has issued orders and directives regarding the implementation of Ms. Glass' sentence, which she challenges in this petition. (See, CLAIMS 11, 13, 14, 15). Further, Ms. Glass is in the custody of the Attorney General, in Washington, DC.

Therefore, pursuant to 2241(a), this court has jurisdiction over the custodians: The BOP, and the Attorney General. SEE, Rasul v. Bush, 124 S.Ct. 2686, 2695 (U.S. 2004); QUOTING, Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-495 (U.S. 1973); ACCORD, RUMSFELD v. PADILLA, 124 s.Ct. 2711, 2726 n.18 (U.S. 2004); ACCORD, Demjanjak v. Meese, 784 F.2d 1114 (D.C. CIR 1986)(the U.S. Attorney General would be treated as custodian of petitioner... so that jurisdiction would lie in the District of Columbia Circuit.).

1.     Currently, Ms. Glass is confined in the Victorville
2. California Federal Prison Camp, where she is serving an
3. entirely illegal sentence of 78 months. Ms. Glass is scheduled
4. for release in approximately 20 months.
5.     Pursuant to §2241, Ms. Glass challenges both
6. her incarceration as being illegal, and also, she challenges
7. the way the BOP is implementing her sentence, (including, but
8. not limited to, her presentence jail credits.) See, U.S. v.
9. Espinoza, 866 F.2d 1067, 1069-71 (9th Cir. 1988)(Claim for presentence
10. jail credits NOT cognizable in Section 2255 action.)(Emphasis
11. Added). Further, Ms. Glass claims actual innocence. The
12. addresses of the parties are as follows:
13. ① Tereser A. Banks, Warden
14.    Federal Correctional Institution-Victorville
15.    P.O. Box 5400
16.    Adelanto, CA 92301
17. ② ~~Alberto G.~~ Michael Mukasey, U.S. Attorney General
18.    Department of Justice
19.    950 Pennsylvania Ave. N.W.
20.    Washington, D.C. 20530
21. ③ Office of the General Counsel
22.    Federal Bureau of Prisons
23.    320 First Street, NW
24.    Washington, D.C. 20534 .
25. ///
26.
27. ///
28.
   ///

CLAIMS

- ONE — After numerous requests, I was denied my 6th Amendment, (hereinafter "A.",) right to counsel at sentencing. I was denied a presentence investigation. In violation of 5th A. due process, I was sentenced on a false PSR, to which none of the disputed facts were ruled on by the court.
- TWO — I was denied my 6th A. right to the compulsory process to obtain witnesses. After numerous requests, not a single witness was subpoenaed, and I was left with no witnesses at Trial and Sentencing.
- THREE — The District Court lacked jurisdiction, and admitted this in ruling on my F.R.Cr.P. 34 motion to arrest judgment. A true and correct copy of the 11-17-04 Order where the District Court rules, "the Court does not have jurisdiction of any of the charged offenses" is attached as EXHIBIT "B" and is incorporated herein by this reference.

The Government, (Hereinafter "Gov.",) waived arguing jurisdiction, when it did not oppose Ms. Glass' motion, nor the Court's ruling. The District Court lacked jurisdiction because, among other things, the District Court was divested of jurisdiction on 10-4-04, when a double jeopardy appeal was filed (U.S. v. Glass, SA CR 02-331 DOC, DKT 253, 10-4-04, 9th CIR. APPEAL NO. 04-50486). Also, as set forth INFRA, (in CLAIMS 6 AND 7,) the charges did not constitute a criminal offense. Additionally, none of the alleged illegal conduct occurred in the Central District

(4 of 16)

1. of California.
2. • FOUR —— The Speedy Trial Act was violated,
3. and this case was required to be dismissed, pursuant to
4. 18 U.S.C. § 3162(a)(2). Further, there has been a change in
5. the law: Defendants cannot waive the Speedy Trial Act.
6. See, Zedner v. U.S., No. 05-5992, 79 CrL 270, 547 U.S. ___,
7. 126 S.Ct. 1976, 164 L.Ed.2d 749 (U.S. 6/5/2006).
8. Lastly, I was denied my right to equal
9. protection under the law, when Judge Carter, (knowing
10. the law required him to dismiss the indictment,) refused
11. to rule on my Motion to Dismiss Due to Violation of the
12. Speedy Trial Act. This motion remains pending, and has
13. Never been ruled on. See, the following docket entries:
14. ✱ DKT 218, 9-27-04 -- District Court stated it was delaying ruling;
15. ✱ DKT 238, 10-4-04 -- District Court again delayed ruling;
16. ✱ Subsequently, the District Court refused to rule, and
17. to date, there has been no ruling.
18. • FIVE —— I was denied my 6th A. right of
19. confrontation, because I was NOT allowed to cross-examine
20. a single witness at trial AND sentencing.
21. • SIX —— My conduct did NOT amount to a
22. criminal offense. The District Court refused to rule on this
23. part of my F.R.Cr.P. 34 motion, and the Gov. did not oppose. SEE,
24. EXHIBIT "B". Further, in violation of 5th A. due process, the
25. Gov. impermissibly amended the entire indictment and charged
26. me with five (5) completely different charges at trial. Without
27. notice, at trial, the Gov. argued the following charges:
28. ///

| | | |
|---|---|---|
| 1 | COUNT 1 | Forgery |
| 2 | COUNT 2 | Forgery |
| 3 | COUNT 3 | 18 U.S.C. §1014-False Statement to a Bank |
| 4 | COUNT 4 | 18 U.S.C. §1014-False Statement to a Bank |
| 5 | COUNT 5 | 18 U.S.C. §1623(c)-Inconsistent Declarations. |

- SEVEN — In violation of 5th A. due process, there was insufficient evidence to convict me, and the District Court acknowledged this in ruling on my F.R.Cr.P. 29 Motion for Judgment of Acquittal. SEE, EXHIBIT "B". The District Court ruled that I was being convicted under a theory of default, and without any evidence of findings of facts, stated, "the Court finds that defendant had consciously chosen not to participate in proceedings." (SEE, EXHIBIT "B"). Certainly, a criminal judgment by default is unconstitutional, because "beyond a reasonable doubt" is the minimum standard of proof.

Further, the Gov. waived arguing in opposition of insufficient evidence, when it did not oppose my motion, nor the Court's ruling.

Moreover, the jury verdict is void, because the Court used an improper standard of proof, when it instructed the jury to convict me based on default.

Furthermore, in COUNTS 1 and 2, neither did the indictment charge the element of an oath, nor did the Gov. argue at trial, the element of an oath. It is indisputable, COUNTS 1 and 2 must be dismissed with prejudice, because the U.S. Supreme Court has clarified, 18 U.S.C. §1623 does NOT apply to cases where declarations are executed in unknown places, and then, later made a part of the court's record. Dunn v. U.S.,

(6 of 16)

1. 442 U.S. 100, 113, 99 S.Ct. 2190, 2197, 60 L.Ed.2d 743, 754
2. (U.S. 1979)(Congress' intent was that §1623 would NOT
3. "encompass statements made in contexts less formal than
4. a deposition.")(EMPHASIS ADDED).
5.     Also, it is indisputable, COUNT 5 MUST be
6. dismissed with prejudice, because the Declaration is
7. true. At trial, the Gov. failed to argue that I was under
8. oath; how the statement was material; or that no
9. "third party" was involved. Rather, the Gov. argued that
10. Megan Clevenger never made arrangements with me.
11. The Declaration said, I made arrangements with a third
12. party, and the Gov. did not even try to prove: NO THIRD
13. PARTY WAS INVOLVED.
14.     Additionally, COUNTS 3 and 4 do not charge a
15. criminal offense, because the indictment does not
16. allege, and the Gov. did not argue, facts supporting a
17. "scheme or artifice to defraud," nor Ms. Glass' intent
18. "to obtain moneys;" as required by 18 U.S.C. §1344.
19. Further, the Gov. utterly failed to argue that either
20. bank was FDIC insured, which is a necessary
21. jurisdictional element.
22.     • EIGHT— In violation of the 6th A.;
23. I was denied a public trial when proceedings were
24. held at midnight and later, while the courthouse
25. doors were locked. When on 10-7-04, in my absence,
26. the Judge let the jury in, and then made slanderous
27. comments about me; I was denied a fair trial, as
28. well as, the right to be present. (SEE, 10-7-04 A.M.

1. TRANSCRIPT). Additionally, I was denied a public trial
2. when: the Judge repeatedly based his rulings on
3. extraneous evidence that he obtained secretly,
4. through extrajudicial affairs; and also, when the
5. Judge engaged in ex parte communications with the
6. prosecutor, including ex parte sidebars that were
7. subsequently sealed.
8. • NINE —— I was denied trial counsel and
9. appellate counsel. At sentencing, I was not advised of
10. my right to appeal. (SEE, TRANSCRIPT of sentencing
11. hearing on 3-23-05). Further, the Judge purposefully
12. delayed transcript production, in order to impede my appeal.
13. • TEN —— There has been a change in the
14. law, which makes it mandatory for a judge to consider
15. 18 U.S.C. § 3553(a) factors. (SEE, U.S. v. Zavala, (per
16. curiam), 443 F.3d 1165 (9th cir. 2006). In my case, the
17. Judge refused to consider a single § 3553(a) factor;
18. orally ruling, "there is nothing outside of the heartland."
19. (SEE, 3-23-05 TRANSCRIPT).
20. • ELEVEN —— There has been a change
21. in the law, which bars the Bureau of Prisons ("BOP")
22. from limiting halfway house placement to six (6)
23. months. (SEE, Fults v. Sanders, 442 F.3d 1088, 79 CrL
24. 86, No. 05-3490 (8th cir. 4/6/06); ACCORD, Goldings v. Winn,
25. 383 F.3d 17, 75 CrL 612 (1st cir. 2004); ACCORD, Woodall v.
26. Federal Bureau of Prisons, 432 F.3d 235, 78 CrL 339
27. (3d. cir. 2005); ACCORD, ELWOOD v. JETER, 386 F.3d 842
28. (8th cir. 2004)). However, the BOP refuses to follow

(8 of 16)

1  the new law, and using old law, continues to deny
2  my transfer to a halfway house.
3      • TWELVE —— In violation of 5th A. due
4  process, I was denied experts and necessities of
5  my defense, including, but not limited to: transcripts;
6  subpoena of documents and witnesses; and access/copies
7  of the court record. (In fact, there was NO official record
8  in the courthouse, because it was checked out to the
9  Ninth Circuit for nearly all of 2004.)
10     • THIRTEEN —— My equal protection
11 rights and the 5th A. is violated, because I am not
12 allowed to participate in the drug program; due to the
13 fact, I have no drug use history. Thereby, I cannot
14 receive an extra one (1) year off, and extra early
15 release to a halfway house, pursuant to 28 CFR
16 § 550.58. Shamefully, the Judge still ordered my
17 Supervised Release conditions to require drug and
18 alcohol testing, "Because [I am] Black." I am demanding
19 to be allowed to enroll in the residential drug program.
20     • FOURTEEN —— Victorville Federal
21 Prison Camp has a "pattern & practice" of violating
22 BOP policy, and then, retaliating against any inmate
23 that complains. Among other things, the law library has
24 not been updated since around 2004; legal mail is
25 distributed as regular mail; the work release program
26 (18 U.S.C. § 3622(c)) is not allowed; prescribed medications
27 are denied; mail is distributed by inmates and/or
28 distributed to inmates other than the addressee; and

(9 of 16)

sometimes, outgoing and incoming mail is NOT processed for days. Therefore, I request the prison be ordered to comply with policy.

- FIFTEEN — I am entitled to "at least" one (1) year of additional jail credit; which would bring my release date to around six (6) months, from now. First, contrary to the standard practice, I did not receive credit for court dates, on which I was ordered to appear in court; my arraignments; nor the trial dates. Second, I must receive credit for the over six (6) months I wore an ankle braclet, because the ankle braclet was solely a punishment. (SEE, U.S. v. HOWARD, 429 F.3d 843, 851 (9th Cir. 2005)(If a restriction or condition is NOT reasonably related to a legitimate goal, then a court may infer it is a punishment). Third, I must receive credit for every day I had to report to pretrial services, because I had to drive nearly 70 miles; was in custody and was not free to leave; and some days I waited there nearly all day.
- SIXTEEN — I was denied my 6th A. right to an impartial jury, and also, there was illegal jury tampering. First, on 10-8-04, the U.S. Marshals wanted to go home early, for the three (3) day, Columbus Day, Holiday weekend, so they denied the jury lunch and told the jury to hurry up and render a verdict. Second, the jury saw my ankle braclet. Third, the Judge berated me to the jury, while I was absent from the courtroom. (SEE, 10-7-04 A.M. TRANSCRIPT, where the Judge yells to the jury, "Is Ms. Glass going to appear today???"). Fourth, the

(10 of 16)

1. venue was fraudulently manipulated, so that both the
2. grand jury, and trial, were held in an area where no
3. black people would be in the jury pool; because I am
4. black. Fifth, the jury instructions were improper; an
5. improper standard of proof was used; and the Judge
6. wrongfully instructed the jury to find me in default, and
7. convict me based on this default. (SEE, GIBSON v. ORTIZ, 387
8. F.3d 812, 823 (9th Cir. 2004)(Granting Writ of Habeas Corpus, because
9. it was improper to present to the jury, an exception to the
10. correct standard of proof; and it was improper to offer
11. this exception as a possible means of conviction)).
12. • SEVENTEEN —— My 5th A. Right to be
13. free from self-incrimination and my 4th A. Right to be
14. free from warrantless searches and seizures, were both
15. violated. First, on 12-1-03, I was interrogated about the
16. charges, by the Judge. Later, I was seized. Then, the car I
17. was driving, and all of my belongings were seized and
18. searched. The Ninth Circuit later declared, this was an
19. unlawful arrest. (SEE, U.S. v. GLASS, 361 F.3d 580 (9th Cir. 2004)).
20. Subsequently, the Gov.'s fruits of the poisonous tree were
21. used to obtain several superseding indictments.
22.     Second, in 2002, the alleged bank fraud
23. victim in Count 3, Megan Clevenger, became an agent for the
24. FBI, and conducted several illegal warrantless searches
25. and seizures of financial records, that Ms. Clevenger
26. testified were not hers. Thereby, Ms. Clevenger had no
27. legal right to access these records.
28. ///

(11 of 16)

- <u>EIGHTEEN</u> —— In violation of my 5th A. due process rights, "material" false evidence was used against me, including, but not limited to, false U.S. Post Office certification of a P.O. Box; false testimony; and unauthenticated pages from an internet website. Also, <u>Brady</u> evidence was hidden, and much <u>Brady</u> evidence remains hidden to date. However, less than a month before trial, thousands of pages of documents were belatedly turned over. Of course, Ms. Glass did <u>Not</u> have the time, nor the resources, to go through these documents. Additionally, <u>JENCKS</u> witness statements were never turned over. Moreover, the Gov. falsely stated, certain handwriting samples were known. Furthermore, I was barred from presenting any exculpatory evidence at trial or sentencing; and what little circumstantial evidence the Gov. had, was <u>ALL</u> obtained from the Gov.'s illegal searches and seizures, and illegal break-ins at my home.
- <u>NINETEEN</u> —— The trial judge was bias and vindictive, because I repeatedly went on television and described how he had sexually harassed me, and stole the car I was driving on 12-1-03. Then, the Judge became more enraged when his bogus contempt order was overturned by the Ninth Circuit. (SEE, <u>U.S. v. GLASS</u>, 361 F.3d 580 (9th CIR. 2004)). Among other things, the Judge bragged about conducting his own investigation; and used evidence he obtained through extrajudicial investigations and interviews. Also, the Judge, repeatedly, fraudulently tampered with transcripts and the official record. Also, the Judge

(12 of 16)

lied about evidence, and the Judge "secretly" told the court clerk <u>not</u> to file any of my submissions.

In addition to exposing the trial judge in the documentary "PERVERT: THE HISTORY OF SEXUAL HARASSMENT LAW;" I have made three (3) complaints to the Ninth Circuit Judicial Council, against this Judge, (which are still pending.) (SEE, Ninth Circuit Nos. 07-89047 & 07-89094).

TWENTY — In violation of the 8th A. & 5th A., I was given a disparate sentence; which amounts to cruel and unusual punishment, because my sentence does not reflect an individualized assessment of my culpability. (SEE, SOLEM v. HELM, 463 U.S. 277, 284, 103 S.Ct. 3001, 3006, 77 L.Ed.2d 637 (U.S. 1983)(A reviewing court may overturn a sentence that is so disproportionate to the offense, it constitutes cruel and unusual punishment.)). Among other things, my sentence is 1,500% higher than similarly situated defendants, and the Judge admitted, my punishment was based on my publicizing that he had sexually harassed me. Additionally, I was subjected to bogus restitution and forfeiture orders, and unjustified, lengthy, supervised release conditions.

Clearly, my sentence was a sham, because, among other things, not a single disputed fact was ever settled by the Court; I was denied a presentence investigation; the PSR was false and contradicted itself, as well as, contradicted the Gov.'s position; there was no proof of loss; and the Gov. was <u>NOT</u> required to satisfy its burden of proof by a preponderance of the evidence.

(13 of 16)

Moreover, on 3-23-05, at my sentencing hearing, the Judge admitted, on the record, "The normal sentence is 24 months." (SEE, 3-23-05 TRANSCRIPT).

Furthermore, in violation of the 8th A., I have been subjected to cruel and unusual punishment, because I have been denied necessary medical care, and I have been victimized by both inmates and officers, while incarcerated. Currently, I am on "chronic care" medical status, and I have fatal health issues, the Prison has been unable to address. (U.S. v. GARCIA, 340 F.3d 1013, 1019-1020, 1022 (9th CIR. 2003).

- TWENTY-ONE — The cumulative effect of all the claims herein, turned my trial into a sham and a circus, which the District Court acknowledged had an audience that was "standing room only." (SEE, 10-7-04, A.M. TRANSCRIPT OF TRIAL, page 6, lines 2-5, where the Judge says, "This case has becoming [sic] somewhat infamous, and I have had people crowding into the courtroom from the private bar and the U.S. Attorneys office to watch this because it's become so well-known.").

Clearly, the Judge has no respect for the law, in my case. Otherwise, the Judge would not have fraudulently tampered with transcripts and the record. Apparently, the Judge does not believe Black Women, such as myself, have constitutional rights. (SEE, 3-3-04-docket 147; 3-22-04-docket 170; 3-22-04-docket 171; and 10-29-04-docket 290; all regarding the transcripts and the record being fraudulently tampered with).

Certainly, the Constitution is violated when a defendant is subjected to a sham-circus trial, where the rules of law are disregarded, and the Judge's decisions are based on his personal motives.

Without a doubt, a Writ must issue when the Judge admits in open court, on the record, that he is purposefully holding the Defendant illegally. A true and correct copy of the 12-2-03 Transcript where the Judge states, "you are being held illegally" is attached as EXHIBIT "A" and is incorporated herein by this reference.

Further, any of the aforementioned claims standing alone, requires a writ issue. The cumulative effect of all these claims taken together, makes it an outrageous injustice if a writ does not issue forthwith.

## CONCLUSION

Therefore, I request this Petition be granted forthwith, and a Writ issue ordering my immediate release. Alternatively, I request _immediate modification_ of my custody status, ordering my release to a halfway house, pending further briefing and the Respondents' response. (SEE, Marino v. Vasquez, 812 F.2d 499, 507-08 (9th CIR. 1987) ("The federal court's authority to release [Ms. Glass] on recognizance or surety in the course of a habeas corpus proceeding derives from the power to issue the writ itself."); SEE ALSO, Hertz, Randy, and Liebman, James S., _Federal Habeas Corpus Practice and Procedure_, 5th ed., Matthew Bender & Company, Inc., Newark, N.J., 2005: Section 14.2 _Release on Recognizance or Surety_, Page 769.

1. It is true, the attached petition does _not_ detail
2. all of Ms. Glass' claims. However, Ms. Glass argues, her
3. incarceration is so clearly illegal, it does not require much,
4. to prove a writ must issue forthwith. Currently, Ms. Glass
5. does not have the record and transcripts, and therefore,
6. she has done the best she could in preparing this Petition.
7.     Therefore, Ms. Glass requests this judge issue a
8. writ forthwith. (28 U.S.C. § 2243, paragraph 1 states, "A
9. court, justice or judge entertaining an application for
10. a writ of habeas corpus shall forthwith award the
11. Writ..."). Should this court not have enough information
12. to forthwith award the writ, Ms. Glass requests the Court
13. order Respondents to provide her with necessary parts
14. of the record, pursuant to 28 U.S.C. §§ 2249 and 2250,
15. and Ms. Glass will request leave to amend her petition.
16.     I, Leigh-Davis Glass, declare under penalty of
17. perjury under the laws of the United States of America,
18. the foregoing petition is true and correct.
19. Date: 11-15-07      By: L.D. Glass
20.            Leigh-Davis Glass
21.            Petitioner

(16 of 16)

1   MS. FREEMAN: Yes.
2   THE COURT: Okay, 10:00 a.m.
3   Now, just a moment.
4   (Discussion held off the record.)
5   THE COURT: Back on the record.
6   I'm available, Ms. Freeman, all day Friday, but on
7   Monday I have a very limited period of time, so it's about one
8   hour, and I can take the matter for an hour, but that's all the
9   time I have on that day, and then I'm not available until
10  Friday of that week, which would be December 12th, if we don't
11  finish. So everybody is forewarned, although I can take the
12  matter Friday.
13  You are not available; is that correct?
14  MS. FREEMAN: That's correct, your Honor. I am out of
15  town.
16  THE COURT: Okay.
17  (Discussion held off the record.)
18  THE COURT: All right, then, counsel.
19  Now, Ms. Glass, you have the right, and I think it's
20  the Court's responsibility to sentence you on today's date. In
21  my opinion, you are being held illegally at the present time,
22  unless I impose sentence. Is it your request and with your
23  personal consent that this matter goes over so your counsel has
24  some additional time to do research. I know she wants to
25  persuade the Court again, and I'd like to pay her that

*[handwritten annotation: "Admits to illegal holding." with arrow pointing to line 21-22; "you are being held illegally" underlined]*

Jane C. Sutton, CSR No. 9316 - Federal Official Court Reporter

000134



EXHIBIT "A"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CRIMINAL MINUTES - GENERAL

Case No: SA CR02-331(D) DOC                              Date: November 17, 2004
PRESENT:
         HONORABLE DAVID O. CARTER, JUDGE

  Kristee Hopkins        Debbie Gale            Robert Keenan
  Deputy Clerk           Court Reporter         Asst. U.S. Attorney

U.S.A. vs. (Defts listed below)                 Attorney for Defendants

1) LEIGH DAVIS GLASS, pro se          1) G. David Haigh (advisory)
   X pres X custody __ bond              X pres  X apptd __ retnd

PROCEEDINGS:   1.   DETENTION HEARING
               2.   MOTIONS HEARING

     The matter is called. Counsel recite their appearances.

     Court rules on written and/or oral motions submitted by defendant as follows:

     Notice to Clerk to protect the official record and serve orders, minute orders and docket forthwith, to stop tampering with the official record is DENIED without prejudice pending further evidence of wrongdoing.

     Motion to Court for tentative ruling if and when conviction is overturned and when Ms. Glass is entitled to money damages for malicious prosecution and being held unconstitutionally on a void conviction is DENIED.

     Ex-parte application for order directing MDC Los Angeles to put attorney G. David Haigh's telephone number on defendant's phone list forthwith is GRANTED. G. David Haigh (Counsel), Fred Krasco (Private Investigator), and Maria Marroquin (Counsel's Secretary) shall be added to defendant's telephone list.

     Motion to order former standby counsel John Barton to turn over work-product, case notes and contact information for investigator, experts, etc. is DENIED.

ENTERED ON CMS
DEC - 6 2004

Minutes Form 6
Crim - Gen (SA CR02-331(D)                   Initials of Deputy Clerk mh
                                             Page 1 of 2

     Motion to sanction Joan Freeman and John Barton for: (1) delaying the turn over of defendant's file; (2) refusing to turn over key information regarding defendant's case; (3) abruptly withdrawing from case without regarding for defendant's and (4) failing to wind-up affairs is DENIED.

     Motion for immediate release due to: (1) jail's violation of Court's order and fatal state of Ms. Glass' health; (2) impediment to Ms. Glass' defense and right of appeal and (3) immense foreseeable damage is DENIED.

     Motion for new trial is delayed until the time of sentencing.

     Motion for judgment of acquittal pursuant to Rule 29 is DENIED as the Court finds that defendant had consciously chosen not to participate in proceedings.

     Motion to arrest judgment pursuant to Rule 34(a)(2) is DENIED as the Court does not have jurisdiction of any of the charged offenses.

     Motion to declare mistrial and strike every witnesses' testimony is DENIED.

     Motion under 28 USC 2255 is not ruled on as the motion is premature.

     Courtroom cleared for closed hearing regarding paralegal fees. Court orders closed portion of transcript sealed, to be opened by Court order.

     Discussion between Court, defendant and advisory counsel regarding defendant's medical needs. Advisory counsel shall submit a proposed order under seal regarding defendant's specific medical needs and/or required medications while at MDC.

     While incarcerated at MDC, Defendant shall receive any needed medical care and/or medications, as previously provided by her private doctor(s).

     Court orders medical records faxed to this Court by Planned Parenthood sealed.

     Detention Hearing is continued to November 23, 2004 at 8:00 a.m.

PAGE 1 OF 2
PAGE 2 OF 2



EXHIBIT "B"